United States District Court
Southern District of Texas
**ENTERED**
March 29, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| KYLE ANN SHUGART, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-00007 |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Plaintiff Kyle Ann Shugart ("Shugart") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Shugart and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 15, 19. After reviewing the briefing, record, and applicable law, Shugart's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## BACKGROUND

Shugart filed an application for supplemental security income under Title II of the Act on August 28, 2017, alleging disability beginning on September 1, 2016. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Shugart was not disabled. Shugart filed an appeal with the Appeals Council. The Appeals Council issued an order remanding the case back to the ALJ for further

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

consideration. The ALJ held another hearing and again found that Shugart was not disabled. Shugart filed another appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4)

whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Shugart "did not engage in [substantial gainful activity] during the period from September 1, 2016, her alleged onset date, through September 30, 2017, her date last-insured." Dkt. 11-3 at 14.

The ALJ found at Step 2 that Shugart suffered from "the following, medically-severe impairments: degenerative disc disease; osteoarthritis; and status-post fracture of right ankle (healed)." *Id.* at 15.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Shugart's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last-insured, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

*Id.* at 16.

At Step 4, the ALJ found that Shugart "was capable of performing her past relevant work as a real estate agent and as a bookkeeper, both as she actually performed those jobs and as others generally perform them in the national economy." *Id.* at 19. Based on these determinations, the ALJ concluded that Shugart "was not under a disability, as defined in the Social Security Act, at any time from September 1, 2016, the alleged onset date, through September 30, 2017, the date last insured." *Id.*

## DISCUSSION

This social security appeal raises two issues: (1) whether the ALJ improperly evaluated the medical opinion of Dr. Dianne Wollaston; and (2) whether the ALJ improperly evaluated Shugart's subjective allegations concerning her symptoms. I only need to reach the first issue.

Shugart began seeing Dr. Wollaston in 2012 "for the management of lumbar spondylosis with radiculopathy, cervical spine spondylosis and muscle spasm." Dkt. 11-13 at 15. Among other findings, Dr. Wollaston opined that in an eight-hour workday, Shugart can sit for three hours and stand/walk for only one hour. *See* Dkt. 11-12 at 17. This finding, if accepted, likely would have resulted in a determination that Shugart is disabled. *See* Dkt. 11-3 at 86 (vocational expert testifying that such limitations would preclude full-time work). The ALJ, however, rejected the finding because "there is a relative paucity of treatment records in the file" and "there is insufficient evidence to support [Dr. Wollaston's] opinion." *Id.* at 18. To illustrate this point, the ALJ explained: "Indeed, while [Dr. Wollaston] opined that the claimant required a cane for ambulation, the claimant did not use a cane on the day of the original, in-person hearing in this matter, had no difficulty entering or exiting the hearing room, and testified that she used the cane only during a three-month recovery period following her right-ankle fracture." *Id.*

Shugart challenges the ALJ's rejection of Wollaston's medical opinion, arguing the ALJ failed to properly evaluate the medical opinion and failed to

provide adequate reasoning for rejecting the opinion. In other words, Shugart argues that the ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(2) because he did not sufficiently explain his decision to reject Dr. Wollaston's medical opinion. I agree.

Since Shugart filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations. 20 C.F.R. §§ 404.1520c, 416.920c. In the new regulations, the Commissioner revised the standards and procedures for evaluating medical opinions and prior administrative medical findings, abrogating the treating physician rule. As such, "ALJs are no longer required to give controlling weight to the opinions of treating physicians." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted). Instead, the ALJ considers the persuasiveness of medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. *Id.* § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 404.1520c(b)(2). In evaluating these factors, the ALJ is required to "explain how he considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [Shugart's] determination or decision." *Pearson*, 2021 WL 3708047, at *4 (cleaned up).

With respect to "supportability," "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 120CV00261RAKHP, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "As for consistency, the new rules provide that the greater the consistency between a particular medical

source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(3)). Simply put, "consistency" is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.*

Considering the regulations' newness, there is a dearth of caselaw concerning what constitutes a sufficient "explanation" of supportability and consistency under 20 C.F.R. § 404.1520c(b)(2). But, as described by one court, the standard is as follows:

> The measuring stick for an "adequate discussion" is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.

*Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted).

Here, right out of the gate, I note that the ALJ's discussion of Shugart's cane usage is beside the point. As explained by Shugart, she only used a cane for a short duration due to a fractured ankle. Although Dr. Wollaston noted the cane usage, *see* Dkt. 11-12 at 16, her "opined limitations stemmed from [Shugart's] lumbar spondylosis with radiculopathy, cervical spondylosis with facet arthritis, and spinal stenosis impairments, not [Shugart's] right ankle fracture." Dkt. 16 at 11. With this specific medical evidence out of the way, the ALJ is left with nothing more than the general assertion that Dr. Wollaston's opinion is unsupported by evidence. However, this is not true.

Dr. Wollaston treated Shugart for years. The administrative record contains Dr. Wollaston's treatment notes, which include MRI test results, various

examination findings, as well as discussions of Shugart's history of spinal surgery and related symptomology. Dr. Wollaston references this treatment history to support her medical opinion concerning Shugart's limitations. In the face of this evidence, the ALJ simply claims that the evidence is insufficient. However, the ALJ does not discuss any of Dr. Wollaston's particular treatment notes, nor does he compare the examination findings. In other words, the ALJ simply fails to engage in any meaningful discussion of the consistency and supportability of Dr. Wollaston's medical opinion.[2] This is error.

I now turn to the issue of harmless error. "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006). As explained above, the vocational expert opined that the limitations described by Dr. Wollaston, which the ALJ ignored, may well have resulted in a determination of disability. Based on this fact, I conclude that it is conceivable that the ALJ could make a different administrative decision upon further review. Accordingly, this case is remanded to the ALJ for further proceedings.

## CONCLUSION

For the reasons provided above, Shugart's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. This case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

SIGNED this 25th day of March 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] In this appeal, the Commissioner attempts to add meat to the ALJ's skeletal reasoning by identifying various medical documents that purportedly supports the ALJ's rationale. I decline to entertain those *post hoc* rationalizations. *See Chenery Corp.*, 332 U.S. at 196.